NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT KALMBACH, SR., individually and The Estate of May Kalmbach; ROBERT KALMBACH, JR., individually; GARY KALMBACH, individually; KEVIN KALMBACH, individually and The Estate of Amanda Kalmbach, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> JAMES HILL; T. DRAZE, individually and in her official capacity as a police officer employed by the Oregon State Police; OREGON STATE POLICE, a political subdivision of the State of Oregon, <br><br> Defendants - Appellees. | No. 09-36055 <br><br> D.C. No. 3:07-cv-00786-KI <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

Submitted November 4, 2010[**]
Portland, Oregon

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: W. FLETCHER and FISHER, Circuit Judges, and JONES, District Judge.***

Robert Kalmbach, the estates of May and Amanda Kalmbach, and other members of the Kalmbach family ("the Kalmbachs") appeal from the district court's grant of summary judgment in favor of the Oregon State Police ("OSP") on their claims of negligence and negligent supervision. The district court found that the car accident caused by James Hill that killed May and Amanda Kalmbach was not a foreseeable result of the OSP's decision to allow Hill to continue driving after a traffic stop for speeding in which the OSP learned that he had neither a valid license nor proof of insurance. The district court further found that the OSP officer's decision not to impound Hill's car was within the discretion afforded by the relevant OSP policy and would not have been affected by additional training. We affirm.

The Kalmbachs argue that a fatal accident was a foreseeable result of the decision not to impound Hill's car, or at the very least that the question cannot be decided as a matter of law and without a jury. *See Donaca v. Curry County*, 734 P.2d 1339, 1344 (Or. 1987). Oregon law does not, however, permit recovery on a

***
*** The Honorable James P. Jones, United States District Judge for the Western District of Virginia, sitting by designation.

2

negligence theory when the intervening act of a third party was qualitatively different from the potential hazards known to the defendant. *See McPherson v. Oregon ex rel. Dep't of Corr.*, 152 P.3d 918, 925 (Or. Ct. App. 2007). The district court did not err by concluding that "speeding, an expired license and lack of proof of insurance are violations of the law that are qualitatively different" from the accident that occurred, and that even "a failure to have insurance at all does not indicate a propensity to commit moving violations." Moreover, Hill had no prior infractions reflecting reckless driving.

The district court also properly concluded as a matter of law that the OSP could not have foreseen the accident based on Hill's mental instability. The only record evidence is that Hill was "polite" during the stop. That Hill manifested mental instability at other times of the day does not create an inference that he was evidently unstable during the stop. Hill's reckless driving was not foreseeable based on what the OSP had reason to know.

The Kalmbachs' negligent supervision claim also required a foreseeable risk. *See Hoke v. May Dep't Stores Co.*, 891 P.2d 686, 691-92 (Or. Ct. App. 1995). In addition to failing that element, the Kalmbachs have not shown that the OSP's officer violated the relevant policy. The policy provides that "a police officer *may* impound the vehicle of a person who the officer has probable cause to believe at,

3

or just prior to, the time of the stop has committed one of the following offenses," which include "No Driver's License (None Issued)" and "No Insurance." OSP Policies, Ch. 502.401(1), (2)(A)(iii), (2)(A)(iv) (emphasis added). Officers "shall use discretion and good judgment in enforcement" of the impound policy. *Id.* And the policy further directs that "[v]ehicles will normally *not* be impounded for the following offenses," which include "No Operator License (due to expiration or possession)" and "violations solely for . . . Failure to Carry Insurance Card." *Id.* at (2)(B)(i), (2)(B)(iv). The Kalmbachs have not shown that this discretionary policy has been made mandatory in practice, either by explicit direction or by routine impoundment of cars in similar circumstances. *Cf. Hoke*, 891 P.2d at 691. The district court correctly concluded that the OSP's officer exercised reasonable judgment in not impounding Hill's car.

Finally, the district court did not err by concluding that impoundment remains discretionary under the policy even when there is more than one violation that could justify impoundment. According to the text of the policy, Hill was known to have committed at most one infraction normally warranting impoundment – lack of insurance. To the extent his expired license factored into the impoundment decision, there is nothing in the policy to suggest that the decision became any less discretionary whatever the OSP officer's knowledge

4

about Hill's insurance. The Kalmbachs suffered a tragic accident, but not one that the OSP could have foreseen or that could have been prevented by additional training of the OSP's officers.

**AFFIRMED**